IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHRISTOPHER ANDREW LYNCH,

Plaintiff,

v. : CIVIL ACTION NO.: CV613-006

EUGENE SAPP; DARRIEL ROYAL;
and Warden RALPH KEMP,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting certain conditions of his confinement at Jenkins Correctional Center in Millen, Georgia. Defendants filed a Motion to Dismiss. Plaintiff failed to file a Response.

Defendants assert that the docket of this case reveals that mail from April 24, 2013, and May 6, 2013, was sent to Plaintiff and was returned to the Clerk of Court as being undeliverable, even though these items were sent to Plaintiff at the address he provided the Court. Defendants assert that the Court's Order required Plaintiff to pursue his case and advise the Court of his address. Defendants also assert that the return of Plaintiff's mail indicates a failure to pursue his case diligently, which in turn indicates that Plaintiff's cause of action should be dismissed based on his failure to prosecute.

Once Defendants filed their Motion to Dismiss, the undersigned advised Plaintiff that he should file any desired objection to the Motion to Dismiss within twenty-one (21) days of the date of the Order, which was signed on October 2, 2013. Plaintiff was also advised that his failure to respond to Defendants' Motion would indicate that he has no opposition to the Motion to Dismiss. (Doc. No. 29; see also, Doc. No. 9). Plaintiff had until October 23, 2013, to file a timely response. Plaintiff failed to do so. Thus, Defendants' Motion to Dismiss should be **GRANTED** as unopposed.

In addition, it appears that Plaintiff may no longer be housed at Johnson State Prison, but Plaintiff has not informed the Court of any change to his address since April 10, 2013. (Doc. No. 23). The undersigned informed Plaintiff by Order dated March 4, 2013, that he has the responsibility of informing the Court and defense counsel of any change of address during the pendency of his action, and his failure to do so might result in the dismissal of this case. (Doc. No. 9, p. 5). Plaintiff was informed in this same Order that his case could be dismissed for want of prosecution if he did not "press his case forward[.]" (Id. at p. 6). This Court can dismiss a cause of action for want of prosecution for a party's "[w]illful disobedience or neglect of any order of the Court" or based on a party's "failure to prosecute a civil action with reasonable promptness." L.R. 41.1(b)&(c). Plaintiff has failed to notify the Court or defense counsel of any new address he may have. Defendant's Motion should be **GRANTED** for this reason, too.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of November, 2013.

*/s/ James E. Graham*
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)